TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-10-00342-CR






Garry A. O'Brien, Appellant


v.


The State of Texas, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT

NO. 61470, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING




M E M O R A N D U M O P I N I O N



 Garry A. O'Brien pleaded guilty to the offense of injury to a child and pleaded true
to several enhancement paragraphs. Pursuant to his plea bargain, adjudication of guilt was deferred
and he was placed on community supervision for seven years. Among the conditions of probation
were that he (1) not commit an offense against the laws of Texas, (2) perform 350 hours of
community service, (3) obtain psychological screening and counseling, (4) complete an approved
anger/stress management program, (5) complete parenting classes, and (6) pay various costs and fees. 

 The State later alleged that he violated the terms of his community supervision by
head-butting his then-wife and by failing to perform the community service, complete the programs,
or pay the fees. After considering evidence and hearing testimony from O'Brien and his
probation officers, ex-wife, former neighbor, and police officers who responded to his reported
assault of his ex-wife, the trial court found the allegations true, revoked his community supervision,
and adjudicated O'Brien guilty of the original offense of injury to a child. The court assessed
punishment at forty years in prison.

 Appellant's court-appointed attorney has filed a motion to withdraw supported by a
brief concluding that these appeals are frivolous and without merit. The brief meets the requirements
of Anders v. California, 386 U.S. 738, 744 (1967), by presenting a professional evaluation of
the records demonstrating why there are no arguable grounds to be advanced. See also Penson v.
Ohio, 488 U.S. 75 (1988); High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978); Currie v. State,
516 S.W.2d 684 (Tex. Crim. App. 1974); Jackson v. State, 485 S.W.2d 553 (Tex. Crim. App. 1972);
Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969). Appellant received a copy of counsel's
brief and was advised of his right to examine the appellate records and to file a pro se brief. See
Anders, 386 U.S. at 744. No pro se brief has been filed.

 We have reviewed the record and find no reversible error. See Garner v. State,
300 S.W.3d 763, 766 (Tex. Crim. App. 2009); Bledsoe v. State, 178 S.W.3d 824, 826-27 (Tex. Crim.
App. 2005). We agree with counsel that the appeals are frivolous. Counsel's motion to withdraw
is granted. The judgment of conviction is affirmed.


 ___________________________________________

 Jeff Rose, Justice

Before Justices Henson, Rose and Goodwin

Affirmed

Filed: February 17, 2011

Do Not Publish